IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2145-FL

FILED
AUG 18 2011
DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY_____ DEP CLK

| | |
|---|---|
| ARTHUR A. BLUMEYER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| TRACY JOHNS, ) | |
| ) | |
| Respondent. ) | |

This matter comes before the court on the respondent's motion for summary judgment (DE # 8).[1] Petitioner timely responded in opposition, and also filed a motion to strike (DE # 11). No further briefing has been received, and the issues raised now are ripe for adjudication. For the following reasons, the court grants respondent's motion for summary judgment and denies petitioner's motion to strike.

## STATEMENT OF THE CASE

On July 8, 2010, petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that the Bureau of Prisons ("BOP") improperly denied him participation in the Elderly Offender Home Detention Pilot Program, see 42 U.S.C.A. § 17541(g) (West 2010). Petitioner specifically challenges the BOP's determination that good conduct time credit awarded

---

[1] The motion is captioned as a "motion to dismiss, or in the alternative, motion for summary judgment." Because the parties have attached matters that are outside of the pleadings, respondent's motion will be construed as a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. See Fed. R. Civ. P. 12(d). Petitioner was informed of the need to respond to such a motion with affidavits or other documentary evidence in order to raise a genuine issue of material fact.

to an inmate cannot be considered in determining whether that inmate has served enough of his sentence to qualify for this pilot program.

On November 4, 2010, respondent filed a motion for summary judgment, arguing that the petition is moot because the pilot program has expired. Alternatively, respondent argues that petitioner is not yet eligible to participate in the pilot program. The matter was fully briefed. Petitioner additionally filed a motion to strike portions of the declaration submitted by Betty Haywood, case manager at the federal prison camp in Butner, North Carolina ("Butner"), in support of respondent's motion for summary judgment.

## STATEMENT OF THE FACTS

On July 19, 1996, petitioner was sentenced to a term of two hundred sixty-two (262) months imprisonment for wire fraud, mail fraud, money laundering, and conspiracy to commit mail and wire fraud. Haywood Decl. 5. Petitioner's sentence commenced on July 19, 1996, the date it was imposed. Id. at 6. Petitioner has received five hundred sixty-nine (569) days of prior custody credit, and has a projected release date of January 3, 2014. Id.

The Second Chance Act of 2007 directed the United States Attorney General to conduct a pilot program during fiscal years 2009 and 2010 "to determine the effectiveness of removing eligible elderly offenders from a Bureau of Prisons facility and placing such offenders on home detention" until their terms of confinement expire. See 42 U.S.C.A. § 17541(g)(1)(A). The program allowed the Attorney General to release some or all eligible elderly offenders from the BOP facility or facilities he designates. Id. § 17451(g)(1)(B). To be eligible, the inmate was required to satisfy certain criteria, including being at least sixty-five (65) years old and having served "the greater of

2

10 years or 75 percent of the term of imprisonment to which the offender was sentenced." 42 U.S.C.A. § 17451(g)(5)(A)(ii).

The pilot program was authorized to run from October 1, 2008, through September 30, 2010. Haywood Decl. 10. The BOP determined that petitioner did not serve seventy-five (75) percent of his sentence until May 14, 2011. Id. at 9. Respondent informed the court that on the date he filed his motion for summary judgment, the pilot program had ended and inmates were no longer being considered for participation in the program. Id.

## DISCUSSION

A.   Standard of Review

Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the nonmoving party must then affirmatively demonstrate that there exists a genuine issue of material fact requiring trial. Matsushita Elec. Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). There is no issue for trial unless there are "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).

B.   Analysis

An action is moot when "the issues presented are no longer live" and the "parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969) (internal quotation marks omitted). Because the program no longer is in existence, the court may

not provide petitioner with any meaningful relief. See The Sierra Club Foundation v. Department of Transp., 563 F.3d 897, 898 (9th Cir. 2009); Cavanaugh v. Warden Tracy Johns, No. 5:10-HC-2025-BO (E.D.N.C. July 15, 2011). Accordingly, the court concludes that petitioner's action is moot, and respondent's motion for summary judgment is granted.[2]

C.   Motion to Strike

Petitioner moves to strike paragraphs 8, 9, 10, and 11 from the declaration submitted by Betty Haywood on the grounds that they improperly assert legal conclusions. Petitioner contends that in these paragraphs, Haywood presents the legal conclusions that he was not eligible for the pilot program until May 14, 2011, and that the program no longer is operational. The court, however, has not relied upon Haywood's assertions in her declaration regarding the calculation of petitioner's eligibility to participate in the pilot program. Instead, the court relied upon relevant case law and statutes. See Green Textile Associates, Inc. v. Federal Ins. Co., No. 7:05-3233-HMH, 2006 WL 1677184, n.2 (D.S.C. June 16, 2006) (denying motion to strike affidavit where court did not rely upon it in making its ruling). Regarding Haywood's statement concerning whether the pilot program currently is operational, the court finds that this is a factual determination that is within her knowledge as a case manager at Butner as well as a statement that petitioner has not provided evidence to refute. Based upon the foregoing, petitioner's motion to strike is DENIED.

---

[2] Even if the action were not moot, petitioner would not be entitled to relief because the BOP properly calculated his term of imprisonment for the purposes of eligibility to participate in the pilot program. See Wright v. Haynes, 410 F. App'x 262, 264 (11th Cir. 2011) (unpublished) ("[T]he phrase 'term of imprisonment to which the offender was sentenced' in . . . § 17541(g)(5)(A)(ii) plainly refers to the term of imprisonment imposed by the district court at sentencing, which does not include any good conduct time."); Izzo v. Wiley, 620 F.3d 1257, 1260 (10th Cir. 2010) ("Under a plain-language analysis, we hold that the phrase 'term of imprisonment to which the offender was sentenced' unambiguously refers to the term imposed by the sentencing court, without any consideration of good time credit.").

4

## CONCLUSION

For the foregoing reasons, respondent's motion for summary judgment (DE # 8) is GRANTED and petitioner's motion to strike (DE # 11) is DENIED. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the 17th day of August, 2011.

                                          LOUISE W. FLANAGAN
                                          Chief United States District Judge